Tim Braun St. Charles County Prosecuting Attorney 300 North Second St., Ste. 601 St. Charles, MO 63301-5415
Dear Mr. Braun:
This opinion is in response to your question asking:
 Do the criminal and job forfeiture sanctions of Missouri Revised Statute Section Number 313.004.10 (1994) apply to a Station Casino St. Charles employee who holds a Level II Gaming License but has no other financial interest in the casino other than her employment, when she is elected to the Board of St. Charles Ambulance District which is a political subdivision in St. Charles County created according to the Missouri Revised Statute Section Number 190.010 (1994)?
Section 313.004, RSMo 1994, creates the "Missouri Gaming Commission" which has certain duties, powers and responsibilities relating to excursion gambling boats. Among the provisions in Section 313.004 is subsection 10 which relates to conflicts of interest. Subsection 10 of Section 313.004 provides in relevant part:
 10. No person who has served . . . as an elected or appointed official of the state or of any city or county of this state in which the licensing of excursion gambling boats has been approved in either the city or county or both . . . shall, while in such office or during such employment and during the first two years after termination of his office or position, obtain direct ownership interest in or be employed by any excursion gambling boat licensed by the commission or which has applied for a license to the commission or enter into a contractual relationship related to direct gaming activity. A "direct ownership interest" shall be defined as. . . . Any person who knowingly violates the provisions of this subsection is guilty of a class D felony. Any such member, officer or employee who personally and knowingly violates the provisions of this subsection, in addition to the foregoing penalty, shall, upon conviction, immediately and thereupon forfeit his office or employment. For purposes of this subsection, "appointed official" shall mean any official of this state or of any city or county authorized under subsection 10 of section 313.812
appointed to a position which has discretionary powers over the operations of any licensee or applicant for licensure by the commission. This shall only apply if the appointed official has a direct ownership interest in an excursion gambling boat licensed by the commission or which has applied for a license to the commission to be docked within the jurisdiction of his or her appointment. No elected or appointed official, his or her spouse or dependent child shall, while in such office or within two years after termination of his or her office or position, be employed by an applicant for an excursion gambling boat license or an excursion gambling boat licensed by the commission. . . . [Emphasis in statute.]
The relevant provision in subsection 10 refers to "elected or appointed official of the state or of any city or county of this state in which. . . ." The issue for consideration is whether a member of the board of directors of an ambulance district is deemed an official of any city or county.
The Ambulance District Law is contained in Sections 190.005, et seq., RSMo 1994. Section 190.010.2 provides that an ambulance district is a "body corporate and a political subdivision of the state." An ambulance district has the power to levy a property tax (Sections 190.035, et seq.), the power to acquire land (Section 190.060), and the power to borrow money and to issue bonds (Section 190.060), among other powers. An ambulance district is itself a political subdivision, distinct from any city or county.
This office, in prior opinions, has considered whether an ambulance district is distinct from the county. In Missouri Attorney General Opinion No. 90-96, a copy of which is enclosed, this office considered whether Section 50.660, RSMo, applies to ambulance districts. Section 50.660 refers to "county," resulting in this office concluding the section does not apply to ambulance districts which are political subdivisions distinct from county government. In Opinion No. 132, Melton, 1976, a copy of which is enclosed, this office concluded that a county prosecuting attorney has no duty or authority to represent ambulance districts, because ambulance districts are not a part of the county but instead are separate political subdivisions.
The prohibition in subsection 10 of Section 313.004 applies to elected and appointed officials of certain cities and counties, among others. An ambulance district is a separate political subdivision, distinct from a city or county. The person about whom you inquire is an elected official of an ambulance district so the prohibition in subsection 10 of Section 313.004
does not apply.
 CONCLUSION
It is the opinion of this office there is no violation of Section 313.004.10, RSMo 1994, when a person employed by an excursion gambling boat is elected and serves as a member of the board of directors of an ambulance district.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures